

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2002

# Liberty Res Inc v. SEPTA

Precedential or Non-Precedential: Precedential

Docket No. 01-3702

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Liberty Res Inc v. SEPTA" (2002). *2002 Decisions.* Paper 804.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/804

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3702

_____

LIBERTY RESOURCES, INC. and
CONSUMER CONNECTION

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
                                        Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 99-CV-4837)
District Judge: Honorable Lowell A. Reed, Jr., S.J.

_____

Argued: December 9, 2002

Before: BECKER, Chief Judge, ROTH and SMITH
Circuit Judges.

(Filed:   December 23, 2002)

BRADLEY K. MOSS (ARGUED)
Schnader Harrison
Segal & Lewis LLP
1600 Market Street
Philadelphia, PA 19103

Counsel for Appellant

STEPHEN F. GOLD (ARGUED)
125 South Ninth Street
Suite 700

Philadelphia, PA 19107

THOMAS H. EARLE
ROBIN RESNICK
Disabilities Law Project
1315 Walnut Street, Suite 400
Philadelphia, PA 19107-4798

Counsel for Appellees

---

OPINION

---

BECKER, Chief Judge.

Defendant-appellant, Southeastern Pennsylvania Transportation Authority

("Septa"), appealed to this Court from the Order granting summary judgment in favor of

plaintiffs Liberty Resources, Inc. and Consumer Connection (collectively "LRI") entered

on January 8, 2001 and from the Order for Final Injunctive Relief entered on August 31,

2001.  On June 3, 2002, after the notice of appeal was filed, the District Court entered an

Order terminating the Order for Final Injunctive Relief, pursuant to the clause contained

therein which stated that Septa may seek to have the injunction terminated after six

consecutive months of compliance with the Order.  Septa's appeal from the Order for Final

Injunctive Relief is thus moot because it is no longer required to comply with the District

Court's mandate. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995)

("As a general principle, once a party has complied with a court order or injunction, and has

not been penalized or suffered any prejudice that could be remedied on appeal, the appeal is

moot.").

We also conclude that the appeal from the January 8, 2001 Order granting summary judgment is moot. The doctrine of mootness requires a court to consider only those actions which "involve a live case or controversy [that] extends through all phases of litigation, including appellate review." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001). The injunctive order is inextricably tied to the summary judgment order out of which it grew, and such conflation with the injunction moots the earlier order as well. Indeed, counsel for plaintiffs conceded at oral argument that the District Court's opinion could not be used to preclude the litigation of issues in future litigation between the parties.

While a defendant's voluntary compliance will not render an action moot, in the case at bar, Septa's actions were not voluntary because it acted in response to the now terminated Order for Final Injunctive Relief. *See Bagby v. Beal*, 606 F.2d 411, 414 (3d Cir. 1979) ("The Supreme Court . . . on many occasions has held cases to be moot when the event causing mootness was compliance with a lower court injunction." citing *DeFunis v. Odegaard*, 416 U.S. 312 (1974)).

We follow the "settled practice of vacating the district court judgment" when the issue is moot on appeal. *Bagby*, 606 F.2d at 414. *See also United States v. Munsingwear*, 340 U.S. 36, 41 (1950) (holding that vacatur "is commonly used . . . to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences"). However, we will preserve LRI's right to collect attorney's fees. In *Morris*, this Court held that "an award of attorney's fees with respect to the trial phases of a

3

case is not precluded when a case becomes moot during the pendency of an appeal." 273

F.3d at 534.

In conclusion, Septa's appeal will be dismissed as moot, and the matter will be

remanded to the District Court with directions to vacate the judgment entered on January 8,

2001.

_____

TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:

　　　/s/ Edward R. Becker　
　　　　　Chief Judge